MANSON-JACOBS CO., INC., Respondent, *v.* CHARLES SCHLESINGER and Others, Copartners, Doing Business under the Trade Name and Style of NEW AMSTERDAM GARAGE, Appellants.

MANSON-JACOBS CO., INC., Respondent, *v.* WEST 129TH STREET BUILDING CORPORATION, Appellant.

First Department, October 31, 1924.

**Principal and agent — action to recover brokerage commissions claimed to have been earned by procuring party ready, able and willing to sign lease — plaintiff moved at close of trial to discontinue as to individual defendants — motion was denied and verdict was found against all defendants on which judgment was entered — action of court was error — judgment reversed.**

In an action against a corporation and two individuals to recover brokerage commissions claimed to have been earned by the plaintiff by procuring a person ready, able and willing to sign a lease of a garage owned by the defendant corporation, it was error for the court to deny plaintiff's motion made at the close of the trial to discontinue the action as to the individual defendants and to submit the case to the jury which found a verdict in favor of the plaintiff against all of the defendants on which a judgment was entered. The judgment against the individual defendants must be reversed and the complaint dismissed as to them.

The judgment against the corporation defendant must be reversed on the ground that the verdict was against the weight of the evidence; that the plaintiff failed to prove that it procured a person who was ready, able and willing to enter into and perform a contract for a lease, or the lease itself, upon the terms and conditions prescribed by the defendant; and that error was committed in the admission of evidence.

APPEAL, in each of the above-entitled actions, by the defendants, Charles Schlesinger and others, and West 129th Street Building

Corporation, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 29th day of April, 1924, upon the verdict of a jury after the consolidation of said actions, and also from an order entered in said clerk's office on the 30th day of April, 1924, denying the defendants' motion for a new trial made upon the minutes.

*Morris Berkowitz* [*Louis Kunen* of counsel], for the appellants.

*Godfrey & Marx* [*Aaron H. Marx* of counsel; *Walter E. Godfrey* with him on the brief], for the respondent.

DOWLING, J.:

Originally two actions were brought by plaintiff, one against the individual defendants, the other against the defendant corporation. These actions were consolidated by order of the court, and they were tried as one. Both were brought to recover brokerage commissions claimed to have been earned in procuring a party who was ready, willing and able to take a lease of a certain garage owned by the defendant corporation. No lease or contract therefor was, in fact, ever executed.

At the close of the trial, defendants' attorney moved that the complaint be dismissed as against the individual defendants on the ground that there was no evidence against them. To this plaintiff's attorney consented, and made a motion to make the complaint in the consolidated case read " in the alternative," and asked " leave to discontinue against those defendants," as he did " not seek an opportunity to hold them since they had no individual interest in the garage." The trial court answered: " I will leave it for the jury, and the motion is granted to consolidate." To this defendants' attorney took an exception. Despite the admission that plaintiff had made out no cause of action against the individual defendants, the jury found a general verdict in favor of plaintiff and thereafter judgment was entered against all the defendants for the full amount claimed. How this astonishing result was arrived at is not explained. As to the individual defendants, the judgment appealed from should be reversed, with costs, and the complaint dismissed as to them, with costs.

As to the defendant corporation, the judgment and order should be reversed and a new trial granted, with costs to the appellant to abide the event, upon the ground, (1) that the verdict was against the weight of the evidence upon the issue of whether plaintiff had performed the contract in question; (2) that plaintiff failed to prove that it procured a proposed lessee who was ready, willing and able to enter into and perform a contract for a lease, or the lease itself, upon the terms and conditions prescribed by defendants, this

being particularly important since no enforcible contract ever was signed by the customer produced by plaintiff; (3) that it was reversible error to receive in evidence, over defendants' objection, plaintiff's Exhibit 2, for the reception of which no proper legal foundation had been laid.

CLARKE, P. J., FINCH, McAVOY and MARTIN, JJ., concur.

Judgment appealed from as to individual defendants reversed, with costs, and complaint dismissed, with costs. Judgment as to defendant corporation and order appealed from reversed and new trial granted, with costs to appellant to abide the event. Settle order on notice.